Bast v. Alford.

---

ABRAHAM BAST v. JAMES H. ALFORD.

A judgment will not be reversed merely because the charge was so general in its terms as to leave it doubtful after verdict, whether the jury understood its application to the evidence; the remedy of the party in such case is to ask additional instructions before the jury retire to consider of their verdict.

In an action for the specific performance of a contract to convey a certain number of acres of land, to be taken off of a certain tract in a certain form, it is error to find and decree a recovery by the plaintiff by the calls of an actual survey, without evidence that such survey is actually made upon the ground in conformity to the calls.

Appeal from Dallas. Tried below before John C. McCoy, Esq., appointed by the parties.

The evidence as to the execution and consideration of the bond was as follows : The bond, which was made a part of the petition,

was signed Abraham Bast his mark, attested by James Bentley; acknowledged the payment of the consideration, which was $75. Bentley, plaintiff's witness, testified that he saw Bast sign the bond; that Alford had a note given by Bast to his, Bast's, brother, which was barred by limitation, and that Alford entered a credit of $75 on said note as a consideration for the land; that he, witness, entered the credit on the back of the note for Alford; that Bast agreed to the consideration, and the credit was placed on the note in Bast's presence, but after the credit was so indorsed, Bast refused to pay the note; that witness wrote the bond at Alford's request, and Bast signed it and left it lying on the table, and Alford took it from the table.

A. J. Bast, defendant's witness, testified that he was at defendant Bast's the day the bond was signed; that he heard defendant Bast tell Alford to send the note back to Tennessee, for he would not pay one cent of it; that defendant Bast followed Alford from the house to the gate, and told him he had picked up the bond and carried it off.

Morgan Bast, defendant's son and witness, testified that just as defendant Bast signed the bond, in answer to a question of Alford's, he, defendant Bast, told Alford there was no balance in the note; that he would not pay a cent of it, and for him to send it back where it came from.

The instruction of the Court, on the issue as to the execution of the bond, was as follows:—

The execution and delivery of any instrument is complete by the signing of the same, with a full knowledge of its contents, and for the purposes therein specified; and a delivery requires no particular action on the part of the maker; the transmission of the instrument may be by any means or by any person, with the consent of the maker.

Additional instructions were not asked by either party.

The evidence as to the identity of the land was as follows:—

The bond described the land as seventy-five acres, lying in a square,* commencing at the northeast corner of the section on which the said Abraham Bast resides, running west one-half mile, thence south and back to the beginning. The petition described the section by its number, township and range in Peters' colony survey; an amended petition alleged a survey of the seventy-five acres after this suit was commenced, and filed the field-notes to

---

* A rectangle was doubtless meant.—Reps.

designate the land claimed, as follows : Seventy-five acres out of the northeast quarter of survey No. 95, of 640 acres in the name of A. Bast. Beginning at the N. E. corner of said survey, a stake in a mound in a prairie. Thence south $446\frac{2}{10}$ varas to a stake in a prairie, elm 8 in. brs. S. 66° 30' E. 60 vs. Thence west $950\frac{4}{10}$ varas to a stake. Thence north $446\frac{2}{10}$ varas to the north boundary of said section, a hickory 10 in. brs. S. 19° W. 37 vs. Thence $950\frac{4}{10}$ varas to the place of beginning. Wm. J. Walker, plaintiff's witness, testified that he helped to make a survey described in a set of field-notes which were before the Court, and signed by Geo. M. Price, Deputy Surveyor. (Same described in amended petition.) On cross-examination, he said the survey was made by John H. Cole. Counsel for plaintiff asked him if said survey was not made by Price, and he said it was. He said he did not know how many varas they ran on each side to make the survey before the Court, but that he was along, and it was run out in a square, with equal sides, and that it was the intention to run it off in this way. A witness proved that defendant Bast resided on said section. The decree was for the land " described in the bond on file in this cause, and more particularly described in the field-notes, also on file, being," &c.; here followed the field-notes as above given.

*Crockett & Guess*, for appellant. The bond was drawn by Bentley, the only subscribing witness, and was upon the table when Alford drew forth this stale note; and at that moment Bast retracted, as he had a right to do; but Bentley and Alford proceeded by forcibly seizing the bond and crediting the note.

The last charge of the special Judge is well calculated to mislead the jury, when he says: " No particular action on the part of the maker of a deed is required to constitute a delivery. The transmission of the instrument may be by any means."

The identity of the land is too vague to rely upon, and there is no proof that it is a part of the land Bast was living on at the time of the alleged bargain.

*J. J. Good*, for appellee. Bentley went to Bast's to write the bond; did so, and left it on the table; Bast signed, Bentley attested it, and Alford took it without any objection on the part of Bast. This was a sufficient delivery. (2 Black. Com., side pages 306 and 307, note 17 and authorities therein referred to.)

Bast v. Alford.

The consideration of the bond was a credit on a note barred by the statute of limitations. This was a sufficient consideration to support the obligation.

ROBERTS, J. This is a suit for a specific performance of a contract for the sale of land. The principal grounds of defence relied on at the trial, seem to have been, that the bond was not fully executed by delivery, and that there was no consideration paid for the land. Upon both of these points the evidence was conflicting. The charge of the Court, though generally both correct and explicit, was somewhat confused upon the subject of the execution of the bond. Without being erroneous, it did not present to the jury a clear view of the law, and it was therefore incumbent on the appellee to have supplied the deficiency, by asking a charge to be given to the jury, directing their attention to the necessity of a delivery of the bond to complete its execution, and to the facts which would have constituted a delivery. Having failed to do this, he has no right to complain of the charge, unless it had been positively erroneous, or in its terms calculated to mislead the jury. We cannot say that it was obnoxious to either of these errors.

It is assigned for error that the verdict of the jury was contrary to the law and the evidence.

The plaintiff's amended petition sets out a survey of the land, alleged to be sold, giving the length of the lines and the respective corners of the tract with bearing trees; so as to include seventy-five acres, in the shape indicated by the stipulations of the bond. The jury having found generally for the plaintiff, the decree was rendered by the Court for the land in accordance with the field-notes set forth in the petition.

There was no evidence that these field-notes constituted a correct survey of seventy-five acres; and therefore the verdict and decree are unsupported by evidence. If the decree had given only the length of the lines with the courses, then it may have been determined to be correct by a calculation, showing that a tract bounded by such lines would be just seventy-five acres. But the verdict, by affirming the field-notes in the amended petition, and also the decree, rendered in accordance with the verdict, established to the tract certain corners with bearing trees.

Now suppose these corners should happen to be farther apart than the lines call for, (by which the survey would contain more

than seventy-five acres,) which would control in determining the land conveyed by this decree, the length of the lines, or the corners, which are fixed by natural objects such as bearing trees ? As the latter must control, there is no evidence in this case showing that too much land has not been decreed for plaintiff. Judgment is reversed and cause remanded.

                                Reversed and remanded.